IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:95-CR-41-D
No. 4:21-CV-34-D

DUSHAWN L. GARDNER,                    )
                                       )
            Petitioner,                )
                                       )
      v.                               )          **ORDER**
                                       )
UNITED STATES OF AMERICA,              )
                                       )
            Respondent.                )

On May 2, 2019, Dushawn Levert Gardner ("Gardner" or "petitioner") moved pro se for a

sentence reduction under the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, § 404,

132 Stat. 5194, 5222 [D.E. 1006]. On November 20, 2019, Gardner moved to amend his section 404

motion [D.E. 1023]. On March 19, 2021, Gardner moved pro se to vacate, set aside, or correct his

multiple life sentences under 28 U.S.C. § 2255 [D.E. 1109]. On April 7, 2021, Gardner's case was

reassigned to the undersigned. On May 17, 2021, Gardner moved to amend his section 2255 motion

and moved for the appointment of counsel [D.E. 1115, 1115-2]. On June 16, 2021, the United States

moved to dismiss Gardner's section 2255 motion [D.E. 1127]. On June 17, 2021, the court sent a

letter to Gardner notifying him of the motion to dismiss, the consequences of failing to respond, and

the response deadline [D.E. 974]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per

curiam). On July 15, 2021, Gardner moved to strike the government's motion to dismiss and

responded to the government's arguments [D.E. 1136]. On November 30, 2021, Gardner filed a

motion asking the court to consider supplemental authority related to his motion to strike [D.E.

1138]. As explained, the court grants in part Gardner relief under the First Step Act, grants in part

the government's motion to dismiss, grants in part Gardner's section 2255 motion, and vacates one

of Gardner's convictions. Nonetheless, Gardner (a murderer and racketeer) shall remain in prison for the rest of his life.

I.

Gardner was the leader of a multi-year racketeering operation that smuggled large quantities of crack cocaine into North Carolina. See United States v. Celestine, et al., 43 F. App'x 586, 589–90 (4th Cir. 2002) (per curiam) (unpublished); see also Presentence Investigation Report ("PSR") [D.E. 900] ¶¶ 9–45. With an associate, Gardner oversaw the operations of at least 25 people, and under Gardner's leadership, he and his organization murdered three people and attempted to murder a fourth. See Celestine, 43 F. App'x at 589–90; PSR ¶¶ 31–45. One of Gardner's murder victims was Roneka Jackson, "a mother of one of his children." Celestine, 43 F. App'x at 589.

On August 1, 1996, a grand jury charged Gardner with racketeering (count one), conspiracy to participate in a pattern of racketeering (count two), conspiracy to distribute and possess with the intent to distribute cocaine and crack cocaine (count three), conspiracy to commit murder in aid of racketeering (counts four and eight), murder in aid of racketeering (count five), carjacking resulting in death and aiding and abetting (count six), using and carrying a firearm during and in relation to a crime of violence causing death and aiding and abetting (counts seven and nine), conspiracy to kidnap (count ten), and kidnapping resulting in death and aiding and abetting (count eleven). See [D.E. 309]. On November 12, 1996, a jury convicted Gardner of all eleven counts. See [D.E. 525]. On March 11, 1997, the court sentenced Gardner to life imprisonment on counts one, two, three, five, six, seven, nine, ten, and eleven and to concurrent terms of 120 months' imprisonment on counts four and eight. See [D.E. 545]. Gardner appealed. See [D.E. 554]. On August 9, 2002, the United States Court of Appeals affirmed Gardner's convictions and sentence. See Celestine, 43 F. App'x at 598. The Supreme Court denied Gardner's petition for a writ of certiorari. See Gardner

2

v. United States, 537 U.S. 1061 (2002).

Since his convictions became final, Gardner has filed numerous unsuccessful motions seeking various forms of relief. See, e.g., [D.E. 680, 705, 787, 798, 820, 899, 957]. On March 19, 2021, the Fourth Circuit authorized Gardner to file a successive section 2255 motion to determine whether the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019), affects Gardner's conviction and sentence for counts seven and nine. See [D.E. 1108].

II.

Gardner seeks relief under the First Step Act. On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, 124 Stat. 2372 (codified as amended at 21 U.S.C. §§ 801, et seq.). Section 2 of the Fair Sentencing Act reduced statutory penalties by increasing the drug quantities necessary to trigger certain statutory minimums and maximums. For example, the amount of crack cocaine necessary to trigger a 5 to 40 year sentence increased from 5 to 28 grams. Likewise, the amount of crack cocaine necessary to trigger a 10 year to life sentence increased from 28 grams to 280 grams. See id., § 2, 124 Stat. at 2372.

The First Step Act makes the Fair Sentencing Act's reductions in mandatory minimum sentences apply retroactively to defendants who committed their "covered offense" of conviction before August 3, 2010. See First Step Act § 404(a), 132 Stat. at 5222. Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . ., that was committed before August 3, 2010." Id. Under the First Step Act, "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." Id. § 404(b), 132 Stat. at 5222. A court that modifies a sentence under the First Step Act does so under 18 U.S.C. § 3582(c)(1)(B), which allows a court

3

to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); see United States v. Lancaster, 997 F.3d 171, 174–76 (4th Cir. 2021); United States v. Collington, 995 F.3d 347, 353 (4th Cir. 2021); United States v. Woodson, 962 F.3d 812, 815–17 (4th Cir. 2020); United States v. Chambers, 956 F.3d 667, 671 (4th Cir. 2020); United States v. Wirsing, 943 F.3d 175, 183 (4th Cir. 2019); United States v. Alexander, 951 F.3d 706, 708 (6th Cir. 2019). If a defendant qualifies, a court may consider a motion for a reduced sentence only if the defendant did not previously receive a reduction pursuant to the Fair Sentencing Act and did not have a motion under the First Step Act "denied after a complete review of the motion on the merits." First Step Act § 404(c), 132 Stat. at 5222.

Under the First Step Act, the district court adjusts the advisory sentencing guideline calculations "as if the current lower drug offense sentences were in effect at the time of the commission of the offense." United States v. Curry, 792 F. App'x 267, 268 (4th Cir. 2020) (per curiam) (unpublished) (quotation omitted); see Chambers, 956 F.3d at 671–72. "Nothing in . . . section [404 of the First Step Act]," however, "shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c), 132 Stat. at 5222; see, e.g., Collington, 995 F.3d at 357–58; United States v. Gravatt, 953 F.3d 258, 261 (4th Cir. 2020); Wirsing, 943 F.3d at 184–86; United States v. Barnes, No. 3:94cr80 (DJN), 2020 WL 1281235, at *3–4 (E.D. Va. Mar. 17, 2020) (unpublished); United States v. Latten, No. 1:02CR00011-012, 2019 WL 2550327, at *1–4 (W.D. Va. June 20, 2019) (unpublished), aff'd, No. 19-7018, 2021 WL 5150049 (4th Cir. Nov. 5, 2021) (per curiam) (unpublished). Nonetheless, a district court must reduce the sentence to comply with any new statutory maximum. See Collington, 995 F.3d 356–58.

Gardner's 1996 conviction on count three for conspiracy to distribute and possess with the intent to distribute crack cocaine (count three) is a covered offense under section 404(a) of the First

4

Step Act because the Fair Sentencing Act modified the statutory penalties for crack cocaine and Gardner committed the offense before August 3, 2010. See First Step Act § 404(a), 132 Stat. at 5222; United States v. McDonald, 986 F.3d 402, 404 (4th Cir. 2021) ("The First Step Act applies to any defendant who was convicted of an offense whose statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act of 2010 that was committed before August 3, 2010." (quotation omitted)). At sentencing, the court conservatively held Gardner responsible for 11.49 kilograms of crack cocaine. See PSR ¶ 45.[1] Nonetheless, under Collington, the statutory maximum for Gardner's conviction on count three is 20 years' imprisonment. See 21 U.S.C. § 841(b)(1)(C); Collington, 995 F.3d at 356–58. Gardner's offense level remains 43, his criminal history category remains I, and his advisory guideline range on all counts other than counts three, four, and eight remains life imprisonment. See PSR ¶¶ 66–116.[2] Moreover, Gardner faces a mandatory life

---

[1] Because the government did not prove this drug weight to a jury at trial, Gardner's sentence on count three violates Apprendi v. New Jersey, 530 U.S. 466 (2000). However, on direct appeal, the Fourth Circuit noted that error but ruled it did not affect Gardner's substantial rights in light of his numerous concurrent life sentences on other counts. See Celestine, 43 F. App'x at 598.

[2] Under U.S.S.G. § 3D1.2, a court groups together closely related counts of conviction for purposes of establishing a defendant's offense level. Such grouping applies when, as relevant here, "counts involve . . . transactions connected by a common criminal objective or constituting part of a common scheme or plan." U.S.S.G. § 3D1.2(b). The probation office properly grouped together related counts, and no party objected to those groupings at sentencing. See PSR ¶¶ 66–116; PSR Add. [D.E. 900] 32–33. The offense level applicable to each group is the offense level for the most serious offense in that group. See U.S.S.G. § 3D1.3(a). As for the group involving count three, the probation office properly applied the offense level for first degree murder as the most serious offense level. See PSR ¶¶ 66–71; U.S.S.G. § 2A1.1. After grouping the applicable counts, the total offense level is the product of calculating the combined offense level. See U.S.S.G. § 3D1.4. The probation office properly calculated the combined offense level as the highest adjusted offense level plus the number of units assigned to each group. See id. Thus, Gardner's total offense level is 48, which is five levels higher than the maximum offense level the advisory guidelines contemplate. See PSR ¶¶ 96–107. Accordingly, Gardner's offense level remains 43 (i.e., the maximum offense level) and his advisory guideline range on counts one, two, five, six, seven, ten, and eleven remains life imprisonment. See U.S.S.G. chap. 5 pt. A cmt. n.2.

Count three does not determine Gardner's advisory guideline range on all counts. Rather,

sentence on count five. See 18 U.S.C. § 1959(a)(1); PSR ¶ 112. Thus, even before considering Gardner's section 404 motion on the merits, any sentence reduction on count three would not affect Gardner's total sentence.

The court has completely reviewed the entire record, Gardner's arguments, the advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). See Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Collington, 995 F.3d at 356–60; Chambers, 956 F.3d at 671–75; United States v. May, 783 F. App'x 309, 310 (4th Cir. 2019) (per curiam) (unpublished). In deciding whether to reduce Gardner's sentence on count three, the court finds that Gardner engaged in extraordinarily serious criminal behavior that included leading a high-volume drug trafficking enterprise, murdering three people, and attempting to murder a fourth person. See PSR ¶¶ 9–45. Gardner had no verifiable work history before his incarceration. See id. ¶ 63. While incarcerated, Gardner has taken numerous classes, worked as a GED instructor, helped other inmates obtain their GEDs, and generally maintained good conduct. See [D.E. 1023] 14–15; [D.E. 1023-1] 13–17;[3] cf. Pepper v. United States, 562 U.S. 476, 491 (2011); United States v. High, 997 F.3d 181, 187–91 (4th Cir. 2021); Chambers, 956 F.3d at 671–75; McDonald, 986 F.3d at 412; United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). The court must balance Gardner's positive steps while incarcerated with his prolonged and horrific criminal conduct. In light of Collington, Gardner's prolonged and horrific criminal conduct, and the need to promote respect for the law, to deter others, to protect society, and to impose just punishment, the court reduces Gardner's sentence on count

the statutory maximum on counts three, four, and eight becomes the applicable top of the advisory guideline range on counts three, four, and eight. Contrary to Gardner's assertions, this calculation is not procedurally unreasonable. See [D.E. 1006] 6.

[3] The court grants Gardner's motion to amend [D.E. 1023] and has considered the motion's arguments and supporting documents.

6

three to 240 months' imprisonment under the First Step Act. See 18 U.S.C. § 3553(a); see, e.g., Chavez-Meza, 138 S. Ct. at 1966–68; Collington, 995 F.3d at 356–60; Chambers, 956 F.3d at 671–75; May, 783 F. App'x at 310; Barnes, 2020 WL 1281235, at *3–4; Latten, 2019 WL 2550327, at *4.

In reaching this decision, the court has considered the entire record, the parties' arguments, and the section 3553(a) factors. However, even if the court miscalculated the new advisory guideline range on count three, it would not further reduce Gardner's sentence on count three in light of the entire record and the section 3553(a) factors. See 18 U.S.C. § 3553(a); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012).

III.

Gardner also seeks relief under section 2255 and obtained authorization from the Fourth Circuit to file a successive section 2255 motion. See [D.E. 1108, 1109]; see also [D.E. 1115].[4] The government moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). See [D.E. 1127].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S.

---

[4] The court grants in part Gardner's motion to amend his section 2255 petition only to the extent his amended motion supplements his arguments under Davis [D.E. 1115]. To that extent, the court has considered the relevant arguments in Gardner's amended motion [D.E. 1115-1].

7

at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

Gardner argues the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019), invalidates his convictions and sentences in counts seven and nine for using and carrying a firearm in furtherance of a crime of violence resulting in death in violation of 18 U.S.C. § 924(j).[5] See [D.E. 1109] 4–14; [D.E. 1115-1] 3–6.

In Davis, the Supreme Court held that Congress's definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. See Davis, 139 S. Ct. at 2336. Section 924(j), under which Gardner was convicted and sentenced on counts seven and nine, specifies the penalties applicable to anyone who violates section 924(c) and thereby "causes the death of a person through the use of a firearm." 18 U.S.C. § 924(j). Because of section 924(j)'s cross-reference to section 924(c), section 924(j) operates using the definition of "crime of violence" the Davis Court held unconstitutional. Thus, Gardner's convictions on counts seven and nine cannot stand if they were

_____

[5] When the court tried and sentenced Gardner, this provision was located in 18 U.S.C. § 924(i).

Case 4:95-cr-00041-D   Document 1142   Filed 12/13/21   Page 8 of 10

predicated on the unconstitutionally vague definition of "crime of violence" in section 924(c)(3)(B).

As for count seven, Gardner's conviction was predicated on conspiracy to commit murder (count four), murder in aid of racketeering (count five), and carjacking (count six). See [D.E. 309] 20–21. Gardner's conviction on count four no longer qualifies as a predicate offense. See United States v. Lewis, 818 F. App'x 232, 234 (4th Cir. 2020) (per curiam) (unpublished); United States v. Simms, 914 F.3d 229, 233 (4th Cir. 2019) (en banc). However, Gardner's murder and carjacking offenses are predicate offenses under section 924(c)'s "force" clause. See 18 U.S.C. § 924(c)(3)(A); United States v. Mathis, 932 F.3d 242, 265 (4th Cir. 2019); United States v. Evans, 848 F.3d 242, 247 (4th Cir. 2017). Thus, the jury unanimously convicted Gardner of two predicate offenses before convicting him of count seven. Accordingly, Davis does not affect Gardner's conviction and sentence on count seven.

As for count nine, Gardner's conviction was predicated on conspiracy to commit murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5) (count eight). See [D.E. 309] 23–24. Under Davis, such a conspiracy is not a "crime of violence" for purposes of section 924(c). See Lewis, 818 F. App'x at 234; Simms, 914 F.3d at 233. Accordingly, as the government concedes, Gardner's conviction on count nine is no longer supported by a valid predicate offense. See [D.E. 1128] 17. Thus, the court vacates Gardner's section 924(j) conviction and life sentence on count nine.

The court need not hold a resentencing hearing to vacate Gardner's section 924(j) conviction and sentence because vacating Gardner's conviction and sentence on count nine does not alter his advisory guideline range of life imprisonment on counts one, two, six, seven, ten, and eleven or his mandatory life sentence on count five. See 28 U.S.C. § 2255(b); United States v. Williams, 740 F. App'x 794, 795 (4th Cir. 2018) (per curiam) (unpublished); United States v. Hillary, 106 F.3d

9

1170, 1171–73 (4th Cir. 1997).

After reviewing the claim presented in Gardner's motion, the court finds that reasonable jurists would not find the court's treatment of Gardner's claim debatable or wrong and that the claim does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## IV.

In sum, the court GRANTS petitioner's motion to amend his section 404 motion [D.E. 1023], GRANTS IN PART petitioner's motion to amend his section 2255 petition [D.E. 1115], GRANTS IN PART petitioner's motion under the First Step Act [D.E. 1006], REDUCES petitioner's sentence on count three to 240 months' imprisonment to run concurrently with his life sentences on counts one, two, five, six, seven, ten, and eleven, GRANTS IN PART petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [D.E. 1109], VACATES petitioner's conviction and sentence on count nine, GRANTS IN PART respondent's motion to dismiss [D.E. 1127], DISMISSES petitioner's remaining arguments in his section 2255 motion, DENIES as moot petitioner's remaining motions [D.E. 1115-2, 1136, 1138], and DENIES a certificate of appealability. Petitioner SHALL continue to serve concurrent life sentences on counts one, two, five, six, seven, ten, and eleven, a concurrent 240-month sentence on count three, and concurrent 120-month sentences on counts four and eight.

SO ORDERED. This 10 day of December, 2021.

James C. Dever III
JAMES C. DEVER III
United States District Judge

Case 4:95-cr-00041-D   Document 1142   Filed 12/13/21   Page 10 of 10