IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:95-CR-41-D
No. 4:21-CV-34-D

| | | |
|---|---|---|
| DUSHAWN L. GARDNER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On December 13, 2021, this court entered a comprehensive order granting in part Dushawn Levert Gardner's ("Gardner" or "petitioner") motion for a sentence reduction under the First Step Act and motion for relief under 28 U.S.C. § 2255 [D.E. 1142]. On December 27, 2021, Gardner, through counsel, moved to correct his sentence under Federal Rule of Criminal Procedure 35(a) [D.E. 1145]. On January 4, 2022, Gardner moved pro se for reconsideration of this court's order of December 13, 2021 [D.E. 1152] and filed a notice of appeal [D.E. 1153]. On that same date, Gardner moved pro se to hold the notice of appeal in abeyance [D.E. 1154]. On January 10, 2022, Gardner moved to alter or amend this court's judgment of December 13, 2021 [D.E. 1162].

On January 14, 2022, the United States responded in opposition to Gardner's motion to correct his sentence under Rule 35(a) [D.E. 1163]. In its opposition, the United States noted that there was no "arithmetical, technical, or other clear error" in this court's judgment of December 13, 2021. Fed. R. Crim. P. 35(a); [D.E. 1163] 3–5; see United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010); United States v. Fields, 552 F.3d 401, 404–05 (4th Cir. 2009).

On January 27, 2022, the United States Court of Appeals for the Fourth Circuit granted Gardner's motion to voluntarily dismiss his appeal [D.E. 1164, 1165]. On February 1, 2022, Gardner replied pro se to the government's response in opposition to relief under Rule 35(a) [D.E. 1166]. Gardner argues that his RICO conviction in count one and RICO conspiracy conviction in count two were "arguably" covered offenses under section 404 of the First Step Act. Id. at 2.

The court did not err concerning Gardner's conviction on count one under 18 U.S.C. § 1962(c) or count two under 18 U.S.C. § 1962(d). See, e.g., United States v. Thomas, 32 F.4th 420, 426–30 (4th Cir. 2022) (per curiam); United States v. Vaughan, 850 F. App'x 807, 808–09 (2d. Cir. 2021) (per curiam) (unpublished). Alternatively, the court believed it had discretion to reduce Gardner's sentence on count one and count two but declined to do so in light of the factors under 18 U.S.C. § 3553(a). See [D.E. 1142] 3–7; cf. United States v. Reyes, No. 20-3285, 2022 WL 1669388, at *1–2 (2d. Cir. May 26, 2022) (per curiam) (unpublished). The court also announced an alternative variant sentence. See [D.E. 1142] 7.

In sum, having reviewed the entire record and governing law, the court DENIES petitioner's motion to correct [D.E. 1145], motion for reconsideration [D.E. 1152], and motion to alter or amend [D.E. 1162], and DISMISSES as moot petitioner's motion to hold the notice of appeal in abeyance [D.E. 1154]. The court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

SO ORDERED. This 14 day of June, 2022.

JAMES C. DEVER III
United States District Judge